

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### No. WR-70,212-03

### EX PARTE MARKUM WOODROW PEAVEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 08-1604-K26A
### IN THE 26TH DISTRICT COURT FROM WILLIAMSON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated perjury as a habitual felon and was sentenced to thirty years' incarceration. The conviction was affirmed on direct appeal. *Peavey v. State*, No. 11-10-00012-CR (Tex. App.—Eastland del. Jan. 19, 2012).

Before being convicted of the aggravated perjury, Applicant pled guilty to felony driving while intoxicated in 2003 and was sentenced to seven years in prison. While on parole for the offense, Applicant was convicted of another DWI in 2006 and was sentenced to fifty-five years in prison. In March 2008, Applicant filed a habeas application collaterally attacking the 2003 DWI

conviction. This Court denied the habeas application in September 2008. In October 2008, the State obtained an indictment alleging that Applicant committed aggravated perjury during the habeas proceeding.

In the aggravated perjury indictment, the State alleged that Applicant, in his habeas application, had claimed to be actually innocent of the DWI when he was, in fact, guilty; had claimed to be guilty of the DWI at the guilty plea proceeding but now claimed to be innocent; and had claimed two breath tests indicated results below 0.01 when the breath tests results were 0.10 or greater. At a non-jury trial, Applicant did not contest any allegations of falsity but argued the State had not proven that he signed the application. Another inmate testified that he typed the application for Applicant after discussing the case with him, and this other inmate gave vacillating testimony whether he signed the application for Applicant or not. The trial court was able to compare the signature on the application purportedly made by Applicant to a signature known to have been made by him, as well as to other signatures of Applicant's name that the other inmate testified he had signed on Applicant's behalf. The trial court found Applicant guilty, found the habitual enhancement true, and assessed a thirty-year sentence. The evidence of guilt was found sufficient on direct appeal, and PDR was refused.

In this habeas application attacking the aggravated perjury conviction, Applicant argues, *inter alia*, that he is actually innocent because he did not sign the habeas application in question. Applicant attaches a statement purportedly signed by the other inmate who gave the vacillating testimony at Applicant's trial. This other inmate now states he is sure that he—not Applicant— signed the application in question, giving a reason, and his certainty differs from his prior, vacillating, trial testimony. The trial court entered an order for further fact-finding on the matter and

appointed habeas counsel. The district clerk, however, was required to forward the habeas application to this Court before the fact finding was made due to the procedural dictates of the habeas corpus statute. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3.

The habeas record supports the trial court's determination that further fact-finding should be made. Applicant's habeas application is remanded to the trial court to resolve the controverted issues of fact and to enter findings of fact and conclusions of law. To resolve the controverted issues and make its findings and conclusion, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: August 20, 2014
Do not publish